IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON IRBY, JESSIE WILLIAMS,
JESSIE BROADIE and
all others similarly situated,

                Plaintiffs,                ORDER

   v.

                                               12-cv-470-bbc

GARY H. HAMBLIN, WILLIAM POLLARD,
DONALD STRAHOTA, JEFFREY GARBELMAN and
GARY ANKARLO,

                Defendants.

---

      This is a group action brought by plaintiffs, inmates at the Waupun Correctional Institution, alleging violations of their constitutional rights. In an order entered in this case on July 19, 2012, I explained that under *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a group complaint. I gave plaintiffs until July 30, 2012, to advise the court whether each of them wishes to prosecute this action jointly. In the same order, I gave plaintiffs until July 30 to each submit a trust fund account statement covering the period from December 28, 2011 to June 28, 2012 so that initial partial payments could be assessed.

      In response to the July 19 order, the court has received a letter from plaintiff Irby opting out of the lawsuit. Plaintiff Williams has submitted the required trust fund account statement and there has been no response from plaintiff Jessie Broadie.

      Because plaintiff Irby does not wish to proceed as a plaintiff in this case, he will be dismissed from the case without owing a filing fee. In addition, because plaintiff Broadie has not responded to the court's order, I will assume that he wishes to be voluntarily withdrawn from

this lawsuit. Accordingly, I will also dismiss Broadie from the case and not charge him any portion of the $350 filing fee.

From plaintiff Jessie Williams' trust fund account statement, it appears that he presently has no means with which to make an initial partial payment of the $350 fee for filing his complaint. However, plaintiff Williams should be aware that he is obligated to pay the $350 filing fee, even if this court determines that he will not be permitted to proceed with his complaint *in forma pauperis* and even if he does not presently have funds with which to pay the fee. 28 U.S.C. § 1915(b)(1). His account will be monitored and the fee must be taken in monthly installments when the funds exist. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2). Leave can be denied also if the complaint does not state a claim on which plaintiff could obtain relief under the law or if plaintiff is asking for money from a defendant who is legally protected from having to pay money in his case. Plaintiff will be notified promptly when such a decision has been made.

ORDER

IT IS ORDERED that

1. Plaintiffs Leon Irby and Jessie Broadie are considered to have opted out of this lawsuit and are DISMISSED from the action. Plaintiffs Irby and Broadie will not owe any portion of the $350 filing fee.

2. Plaintiff Jessie William's claims are taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2). Further, the Clerk of Court is requested to insure that the

court's financial records reflect that plaintiff Williams owes the $350 fee for filing this case, in accordance with the requirements of the Prison Litigation Reform Act.

Entered this 27th day of August, 2012

                        BY THE COURT:

                        /s/

                        STEPHEN L. CROCKER
                        Magistrate Judge